Keith Grover, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding that he is a sexual predator.
In April 1994, appellant fondled two boys, ages five and six, in a bathroom at the Ohio State Fairgrounds. In May 1994, appellant fondled a girl, age seven, while lifting her up to see an exhibit at the Ohio State Fairgrounds. After the May 1994 incident, a woman at the exhibit reported appellant's activity to a police officer, and appellant was then questioned by the police. Appellant was later identified by the victims of the offenses.
On March 14, 1995, appellant pled guilty to three counts of gross sexual imposition, violations of R.C. 2907.05. By judgment entry filed June 28, 1995, the Franklin County Court of Common Pleas sentenced appellant to serve two years in prison on each count, to be served consecutively. Thereafter, the trial court found appellant to be a sexual predator. Appellant appeals the sexual predator determination and presents the following two assignments of error:
"ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in applying R.C. 2950.09(B) because the statute, as applied to those convicted of offenses committed before its effective date of January 1, 1997 violates the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution.
"ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court erred in applying R.C. 2950.09(B) because the statute, as applied to those convicted of offenses committed before its effective date of January 1, 1997 violates the ban on ex post facto
lawmaking by the states set forth in Article I, Section 10 of the United States Constitution."
Appellant argues in his assignments of error that the sexual predator statute, R.C. 2950.09(B), as applied to those convicted of offenses committed before its effective date of January 1, 1997, and sentenced after January 1, 1997, violates: (1) the Ohio Constitution's ban on retroactive laws; and (2) the United States Constitution's ban on ex post facto
lawmaking.
The Ohio Supreme Court recently held in State v. Cook (1998),83 Ohio St.3d 404, paragraphs one and two of the syllabus, that:
 "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution."
The Ohio Supreme Court has directly addressed the issues raised in appellant's two assignments of error. Therefore, we overrule appellant's assignments of error based upon the authority of Cook.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.